**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**


VALERIE ROBINSON                                                                    PLAINTIFF

V.                                               CIVIL ACTION NO: 3:07CV189 HTW-LRA

ROXY INVESTMENTS, L.P. A/K/A ROXY III
AND ROXY INVESTMENTS, IV, LP AND d/b/a/
THE GROVE APARTMENTS; FREEMAN WEBB
COMPANY, REALTORS A/K/A FREEMAN WEBB, INC.
AND DOES 1-9                                                                       DEFENDANTS


## **ORDER**

This case was removed to this court on April 4, 2007, from the Circuit Court for

the First Judicial District of Hinds County, Mississippi.  The defendants, Roxy

Investments, L.P., a California limited partnership, and Freeman Webb Company,

Realtors, a Tennessee corporation, also have filed a motion to dismiss [**docket no. 14**]

for failure to obtain service of process within 120 days.  This motion says the plaintiff

Valerie Robinson failed to comply with Rule 4(h)[1] of the Mississippi Rules of Civil

Procedure and that this case must be dismissed without prejudice pursuant to the

requirements of the Mississippi Rule.

Also before the court is the motion of Roxy Investments, L.P. under Rule 55 of

the Mississippi and Federal Rules of Civil Procedure to set aside an entry of default

[**docket no. 17**] which was entered in state court against Roxy Investments, L.P.   Roxy

---

[1]Rule 4(h) of the Mississippi Rules of Civil Procedure provides that, [i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Investments L.P. says that the entry of default entered  against it on January 11, 2005,

presumed erroneously that service of a Summons and Complaint had been obtained.

## **FACTS**

The plaintiff filed this lawsuit in the Circuit Court for the First Judicial District of

Hinds County, Mississippi, on August 24, 2004 against Roxy Investments, L.P. aka

Roxy III and Roxy Investments IV, L.P. dba The Grove Apartments, asserting assault

and rape on the premises which occurred on March 30, 2004.

The plaintiff purported on November 10, 2004, to serve process on one Bobby

Covington, the presumed agent for service of process on Roxy Investments.  The Proof

of Service signed by Perry M. Tillman and dated November 10, 2004, says that Tillman

served Bobby Covington by personal service at an office located on the second floor at

400 East Capitol Street in Jackson, Hinds County, Mississippi.

When Roxy Investments did not answer the plaintiff's state court complaint within

30 days, the plaintiff filed an application for entry of default in the state court on January

11, 2005, claiming that process had been served on Roxy Investments on November

10, 2004, and that Roxy had not answered nor responded otherwise.  The entry of

default was granted by the Clerk of the Circuit Court on January 11, 2005.  Plaintiff,

however, did not seek a default judgment against Roxy Investments.

On March 6, 2007, the plaintiff amended her complaint to name as defendants

Freeman Webb Company, Realtors aka Freeman Webb, Inc., and Does 1-9.  On April

4, 2007, defendants removed this case to this court, pursuant to Title 28 U.S.C.

§§ 1441, 1446 and 1332.[2]  Defendants attached to the Notice of Removal the affidavit

of Bobby Covington who says that he was in Hilton Head Resort in South Carolina near

Savannah, Georgia, playing golf on November 10, 2004, and could not have been

served personally with process as the Proof of Service claims.  Covington submits a list

of his American Express charges which show that he made purchases at Hilton Head,

South Carolina, between November 6 and November 11, 2004.

Also accompanying the Notice of Removal is the affidavit of Sheila Lipin (Exhibit

E), manager of S&B Management, LLC, a California limited liability company, and

general partner of Roxy Investments, L.P.  Lipin says that Roxy Investments sold its

interest in the Grove Apartments on June 15, 2004, and has not done business in

Mississippi since that time.  Lipin also states that Bobby Covington was not the agent

for service of process for Roxy Investments, L.P., or for any entity having ownership of

The Grove Apartments on November 10, 2004.

The plaintiff responds that she relied upon the Proof of Service of Process

---

[2]Title 28 U.S.C. 1441 (a) states in pertinent part that "[e]xcept as otherwise expressly
provided by Act of Congress, any civil action brought in a State court of which the district courts
of the United States have original jurisdiction, may be removed by the defendant or the
defendants, to the district court of the United States for the district and division embracing the
place where such action is pending. For purposes of removal under this chapter, the citizenship
of defendants sued under fictitious names shall be disregarded.

"Title 28 U.S.C. 1446(b) states in pertinent part that "[t]he notice of removal of a civil action or
proceeding shall be filed within thirty days after the receipt by the defendant, through service or
otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such
action or proceeding is based[.]"

Title 28 U.S.C. § 1332(a) provides in pertinent part that, "[t]he district courts shall have original
jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of
$75,000, exclusive of interest and costs, and is between-(1) citizens of different States; ..."

signed by Perry Tillman, that Sheila Lipin is not competent to establish by affidavit the name of Roxy's registered Mississippi Agent for Process as this matter is governed by filings with the Mississippi Secretary of State. Moreover, says plaintiff, the Affidavit of Sheila Lipin concerning the registered agent for Roxy Investments, L.P., is in conflict with the filings of the Mississippi Secretary of State.

## APPLICABLE LAW

First, the entry of default against Roxy Investments was entered in state court and was not pursued to a judgment. The defendants have removed the plaintiff's amended complaint which adds Freeman Webb Company as a party defendant to this court under Title 28 U.S.C. § 1447(c).[3] Having sought the jurisdiction of the federal court, the defendants ask for dismissal under Rule 4(h) of the Mississippi Rules of Civil Procedure, a Rule which does not apply here. Since this case is a removed diversity action, it is now subject to the Federal Rules of Civil Procedure, not to the Mississippi Rules of Civil Procedure. *Hanna v. Plummer* , 380 U.S. 460, 473-74, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965). Rule 81 of the Federal Rules of Civil Procedure specifically provides that, "[t]hese rules apply to civil actions removed to the United States District Courts ... ." So, while Mississippi substantive law defines the prescriptions of limitations and applicable savings provisions, *Bolton v. Travelers Ins. Co.*, 475 F.2d 176 (5th Cir.

---

[3]Title 28 U.S.C. § 1447(c) provides in pertinent part that, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

1973), Federal Rule 4(m),[4] not Mississippi's Rule 4(h), governs the motion to dismiss

now before the court.  The significant difference between each version of the 120 day

rule is Mississippi's provision that, "[i]f a service of the summons and complaint is not

made upon a defendant within 120 days after the filing of the complaint and the party

on whose behalf such service was required cannot show good cause why such service

was not made within that period, *the action shall be dismissed as to that defendant*

*without prejudice upon the court's own initiative.*  The federal version of this Rule, Rule

4(m), provides that this court, "shall dismiss the action without prejudice as to that

defendant *or direct that service be effected within a specified time*; *provided that if the*

*plaintiff shows good cause for the failure*, language which is not included in the

Mississippi version of the Rule.

      The plaintiff in this case has moved under Federal Rule 4(m) to extend the time

for service of process to a date which would permit curing of alleged insufficiencies in

service of process on either one or both defendants.  *Henderson v. U.S.* , 517 U.S. 654,

116 S.Ct. 1638 (1996); *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996) ("we agree with

the majority of circuits that have found that the plain language of rule 4(m) broadens a

district court's discretion by allowing it to extend the time for service even when plaintiff

fails to show good cause").  This court finds no contumacious or improper conduct on

---

[4]Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)."

the part of the plaintiff in this case since she had no reason to doubt the assertion of the Perry Tillman that he had, in fact, obtained personal service of process on Bobby Covington, the apparent agent for service of process.  Therefore, this court finds merit in the motion.

The court need not grant the motion because the plaintiff informs the court that service of process now has been accomplished on Freeman Webb Company and Roxy Investment, L.P.  Counsel for the defendants agree.

Accordingly, the parties are directed to contact the United States Magistrate Judge within ten (10) days of the date of this Order to obtain a Scheduling Order.  The lawsuit will now proceed to ultimate resolution.

Therefore, in accordance with the above discussion, this court rules on the outstanding motions as follows: the motion to set aside default [**docket no. 17**] is granted.  The defendants' motion to dismiss [**docket no. 14**] is denied.

**SO ORDERED** this the 31st day of March, 2008.

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO: 3:07CV189HTW-LRA
Order