**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


VALERIE ROBINSON                                                                          PLAINTIFF

vs.                                                                Civil Action No. 3:07-cv-189 HTW-LRA

ROXY INVESTMENTS, L.P., A/K/A ROXY III
AND ROXY INVESTMENTS, IV, LP AND d/b/a
THE GROVE APARTMENTS; FREEMAN WEBB
COMPANY, REALTORS A/K/A FREEMAN WEBB,
INC., AND DOES 1-9                                                                     DEFENDANTS


**<u>ORDER</u>**

Before this court is the motion of the defendants asking this court to alter or amend judgment, or to certify this matter for appeal under Title 28 U.S.C. § 1292(b)[1] [docket no. 57].  Also before this court are two additional motions: plaintiff's motion for extension of time to effectuate service of process [docket # 53]; and plaintiff's motion for consolidation [docket # 54].

Defendants removed the above-styled and numbered cause to this court on April 4, 2007, from the Circuit Court for the First Judicial District of Hinds County, Mississippi. Thereafter, the defendants, Roxy Investments, L.P., a California limited partnership,

---

[1]Title 28 U.S.C. § 1292(b) states that "[w]hen a district judge, in making a in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

and Freeman Webb Company, Realtors, a Tennessee corporation, moved to dismiss the case for failure of the plaintiff to obtain service of process within 120 days under Rule 4(h)[2] of the Mississippi Rules of Civil Procedure.  This court denied that motion to dismiss on March 31, 2008, finding that Federal Rule 4(m),[3] not Mississippi's Rule 4(h), governed the defendants' motion to dismiss.  The case of *Hanna v. Plummer*, 380 U.S. 460, 473-74, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965), and Rule 81 of the Federal Rules of Civil specifically provide that "[t]hese [federal] rules apply to civil actions removed to the United States District Courts ... ."

Once persuaded that Rule 4(m) applied, this court then extended plaintiff's time for service of process to a date which would permit plaintiff to cure any alleged insufficiencies in service of process on either one or both defendants in state court. The approach has been approved by *Henderson v. U.S.*, 517 U.S. 654, 116 S.Ct. 1638 (1996); *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996), as it recites that "we agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when plaintiff fails to show good cause."  Moreover, Title 28 U.S.C. § 1448 provides that "[i]n all cases

---

[2] Rule 4(h) of the Mississippi Rules of Civil Procedure provides that "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

[3] Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)."

removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." Hence, this court was authorized to permit the plaintiff to complete service of process in this forum.

The defendants now seek reconsideration of this court's Order, arguing that matters involving proper service of process should be governed by state law, citing *City of Clarksdale v. Bellsouth Telecommunications, Inc.*, 428 F.3d 206 (5th Cir. 2005), a decision holding that while federal law requires a defendant to file notice of removal within thirty days of service of process, what constitutes service of process must be defined by state law. *See also RIH Acquisitions MS II LLC v. Clark Power Services, Inc.*, 489 F.Supp. 597 (N.D. Miss. 2007) (same).

The defendants then contend that the plaintiff improperly served Roxy Investments L.P. ("Roxy") with process in state court when she served one Bobby Covington. Roxy contends that Covington was not Roxy's registered agent for service of process. Moreover, Roxy says that the plaintiff's process server must have falsely or incorrectly entered on the return that he had effectuated personal service upon Covington on November 10, 2004.

The defendants also have submitted the affidavit of Sheila Lipin (Exhibit E), manager of S&B Management, LLC, a California limited liability company, and general partner of Roxy, who says that Bobby Covington was not the agent for service of process for Roxy Investments, L.P., on November 10, 2004.

The plaintiff has responded that she relied upon the Proof of Service of Process signed by one Perry Tillman, the process server, who purported to have obtained personal service upon Bobby Covington. The plaintiff also asserts that Sheila Lipin is not competent to establish by affidavit the name of Roxy's registered Mississippi Agent for Process as this matter is governed by filings with the Mississippi Secretary of State. The Affidavit of Sheila Lipin concerning the registered agent for Roxy Investments, L.P., emphasizes plaintiff, is in conflict with filings by Roxy Investments, L.P., with the Mississippi Secretary of State.

This court is not persuaded that its previous ruling must be amended or vacated, or that this case presents a matter which must be certified for interlocutory appeal under Title 28 U.S.C. § 1292(b). As this court earlier stated, this court evaluates the sufficiency of service of process *prior to removal* under state law. *Freight Terminals, Inc. v. Ryder Systems, Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972). The Federal Rules of Civil Procedure are applied after removal, as stated in Rule 81(c) of the Federal Rules of Civil Procedure.

Once a case is removed to federal court, and there is no question of proper service of process under state law which would affect the calculation of timely removal under Title 28 U.S.C. § 1446(b),[4] a plaintiff has the opportunity to cure service after removal under Title 28 U.S.C. § 1448 which provides that process or service may be

---

[4]Title 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within **thirty days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within **thirty days** after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

completed or new process issued in the same manner as in cases originally filed in this court, even where service was not perfected prior to removal, or even where the process served proves to be defective.  *See Freight Terminals, Inc. v. Ryder Systems, Inc.,* 461 F.2d at 1052, noting that while the district court must look to state law to ascertain whether service was properly obtained prior to removal, this does not foreclose service being effected in the district court (under Title 28 U.S.C. § 1448) after timely removal.

This court stated in its prior Order denying dismissal that it found nothing dilatory or contumacious in the plaintiff's failure to obtain service of process on the defendants while this matter was pending in state court.  This court found, instead, that the plaintiff had labored under the misapprehension that service of process had been obtained. Therefore, in light of the foregoing, this court finds that the motion of the defendants to alter or amend judgment or, alternatively, to certify this matter for appeal under § 1292(b) [docket # 57] is not well taken and the same is denied.

Additionally, inasmuch as service of process now has been obtained upon the defendants, the plaintiff's motion to extend time to do so [docket # 53] is terminated as moot.

Finally, the plaintiff moves to consolidate[5] the instant case with the pending case of *Robinson v. Roxy Investments, L.P.,* Civil Action No. 3:07-cv-744 DPJ-JCS, which was removed to this court on April 4, 2007 [docket # 54].  Inasmuch as this case involves identical parties and identical legal claims, this court hereby grants the motion

---

[5]Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

to consolidate.  Both cases, now consolidated, will be assigned to the undersigned

Judge.  *See* Local Rule 42(A).[6]

      **SO ORDERED, this the 1st day of August, 2008.**

                                    **s/ HENRY T. WINGATE**
                                    **CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:07-cv-189 HTW-LRA
Order

---

[6]Rule 42.1 of the Uniform Local Rules provides in pertinent part that "[i]n civil actions consolidated pursuant to Fed.R.Civ.P. 42(A), the action bearing the lower or lowest docket number will control the designation of the district or magistrate judge before whom the motion to consolidate is noticed; the docket number will also determine the judge before whom the case or cases will be tried."